[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence December 15, 1995 Date of Application December 15, 1995 Date Application Files December 15, 1995 Date of Decision September 24, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Hartford at Hartford.
Docket No. CR95-467558
John W. Watson, Esq., Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State
BY THE DIVISION
CT Page 5433-HHHH
The petitioner is seeking a review of an 8 year sentence imposed after he entered guilty pleas to possession of narcotics with intent to sell in violation of C.G.S. § 21a-277 (a), possession of narcotics with intent to sell within 1500 feet of a public school in violation of C.G.S. § 21a-278a(b) and assault on a police officer in violation of C.G.S. §53a-167c. He received 5 years on the first count, 3 years on the second count to run consecutively to the first count, and 5 years on the third count to run concurrently with the first two counts. The total effective sentence was eight years to serve.
The facts and circumstances surrounding the pleas are sketchy in our record, but the remarks of Assistant State's Attorney George Ferko at the sentencing reveal that the petitioner was in possession of 70 bags of narcotics in proximity of an elementary school. He has a prior record of six felony, four misdemeanor and a violation of probation convictions, most of which involve narcotic sales and possession charges.
Petitioner's counsel argues that the sentencing court seemed to focus only on the negative side of the petitioner's case. Although much uncontradicted mitigating evidence was presented at sentencing, petitioner's sentence ignores his positive side, according to his counsel. The result was that petitioner received a maximum penalty agreed to under the plea bargain and we are urged to consider some counterbalance to what petitioner claims was a generally negative view taken by the trial court.
The assistant state's attorney asks that we look at the petitioner's extensive record and, in particular, his violation of probation conviction, which he says "speaks volumes." Petitioner received the benefit of probation but was unwilling to take advantage of that opportunity resulting in a violation of a trust placed in him. The state also points out that the sentence imposed was agreed to by the petitioner as a cap with the right to argue for less, and since he received only the eight year cap — even though he potentially faced 28 years — the sentencing court was correct in imposing the sentence it did. CT Page 5433-IIII
The petitioner chose not to address the Division.
Our function is to determine whether or not the sentence imposed was proportionate or excessive in light of the facts of the case as demonstrated to the sentencing court and taking into account the provisions of P.B. § 942. We cannot help but consider the very negative impact the petitioner's prior criminal record has in this matter when viewed in the context of the present charges. It is apparent his involvement in the street drug culture is deeply ingrained and that previous attempts to permit self rehabilitation have been affirmatively rejected by the petitioner's continued criminal ventures, not the least of which is his inability to accept authority, as demonstrated by the assault charge wherein he held a deputy sheriff while another inmate punched him. For that offense he received the benefit of a concurrent sentence. The positive aspects of the petitioner the Division is asked to consider are smothered by his negative, anti-social and criminal deeds.
After examination of all aspects of the record presented, we are satisfied the sentence imposed was fair and proportionate.
Sentence affirmed.
Stanley, J.
Purtill, J.
Klaczak, J.
Stanley, J., Purtill, J., and Klaczak, J. participated in this decision.